```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                    AT ABINGDON, VA
                                                         FILED
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF VIRGINIA        JUN 23 2006
                  BIG STONE GAP DIVISION
                                              JOHN F. CORCORAN, CLERK
                                              BY:
                                                      DEPUTY CLERK
```

| | |
|---|---|
| **WILLIAM CHARLES LOPEZ** and **LOIS LORAINE LOPEZ,** Appellants, | Civil Action No.: 2:06cv00017 |
| v. | **MEMORANDUM OPINION** |
| **CHARLES R. JESSEE, Trustee,** Appellee. | By: GLEN M. WILLIAMS, Senior United States District Judge |

This case comes before the court on an appeal from a Memorandum Decision and Order entered by the United States Bankruptcy Court for the Western District of Virginia finding that Williams Charles Lopez and Lois Loraine Lopez, ("the Lopezes"), failed to timely file their homestead deed in a Chapter 7 bankruptcy proceeding. This court has jurisdiction under 28 U.S.C. § 158.

*I. Facts & Procedural History*

The Lopezes filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia on May 6, 2005. The first meeting of the creditors was originally scheduled for June 30, 2005. Under Virginia law in effect at that time, the Lopezes' homestead deed had to be filed within five days of the date initially set for the meeting of creditors. *See* Va. Code Ann. § 34-17 (Michie 2003). Therefore, under Virginia law in effect at that time, the Lopezes' homestead deed had to be filed by July 5, 2005, in order to be timely. On July 1,

2005, the Code of Virginia was amended to allow debtors to file their homestead deed within five days after the actual meeting of the creditors. *See* Va. Code Ann. § 34-17 (2005). On October 20, 2005, the first meeting of the creditors was held, and the Lopezes filed their homestead deed the following day on October 21, 2005.

The Trustee then filed an Objection to the Debtors' Claim of Exemptions and Motion for Turnover of certain assets, contending that the homestead deed was not timely filed because it was not filed within five days of the date that the first meeting of the creditors was originally scheduled, as required by the Virginia Code in effect when the Lopezes filed their petition for bankruptcy. The Lopezes, on the other hand, argued that the amended version of Virginia Code Annotated § 34-17 applied to their case and permitted them to file their homestead deed within five days of the date that the first meeting of the creditors was actually held. The United States Bankruptcy Court for the Western District of Virginia agreed with the Trustee that the amended version of Virginia Code Annotated § 34-17 had no retroactive effect, and, therefore, did not apply to the Lopezes. Ultimately, the court sustained the Trustee's objections to the Lopezes' claim of exemptions and granted the motion for turnover. The Lopezes timely filed this appeal.

## II. Argument

The sole issue presented by this appeal is whether the Lopezes timely filed their homestead petition. Since this determination is a question of law, the court will review the Bankruptcy's Court's decision *de novo*. *See Resolution Trust Corp. v. C & R, L.C., et al.*, No. 94-1230, 1994 U.S. App. LEXIS 16597, *3 (4th Cir. 1994)

(citing *In re Club Assoc.*, 951 F.2d 1223, 1228 (11th Cir. 1992)).

The Lopezes argue that the amended version of Virginia Code Annotated § 34-17 should apply retroactively to their case because the requirement of filing a homestead deed within five days of the actual meeting is strictly procedural and because their right to file a homestead petition was still viable when the amended version took effect. (Debtor's Memorandum at 3) (Docket Item No. 3.) The Trustee does not contest that the statute at hand is procedural in nature but argues merely that the absence of legislative intent to give the statute retroactive effect prevents the statute from being applied retroactively. (Brief Of Appellee at 4) (Docket Item No. 5.)

The well-settled general rule concerning the retroactive application of statutes was set forth in *Duffy v. Hartsock*, 187 Va. 406, 419 (1948). *See Cohen v. Fairfax Hosp. Assoc.*, 12 Va. App. 702, 705 (1991). In *Duffy*, the Supreme Court stated,

> [r]etrospective laws are not favored, and a statute is always to be construed as operating prospectively, unless a contrary intent is manifest; but the legislature may, in its discretion, pass retrospective and curative laws, provided they do not partake of the nature of what are technically called *ex post facto* laws, and do not impair the obligation of contracts, or disturb vested rights; and provided, further, they are of such nature as the legislature might have passed in the first instance to act prospectively.

*Duffy*, 187 Va. at 419 (citing *Whitlock v. Hawkins*, 105 Va. 242, 249-50 (1906)). Therefore, if Virginia Code Annotated § 34-17 is to apply retroactively, there must be clear legislative intent that the statute should have such an effect, and the statute

Case 2:06-cv-00017-GMW-PMS   Document 7   Filed 06/23/06   Page 3 of 6   Pageid#: 70

must be procedural or remedial in nature. Since the parties agree that Virginia Code Annotated § 34-17 is procedural in nature, the only unresolved issue is whether the legislature intended for the statute to apply retroactively.

Virginia Code Annotated § 34-17 provides:

> The real or personal estate which a householder is entitled to hold as exempt may be set apart at any time before it is subjected by sale under creditor process, or, if such creditor process does not require sale of the property, before it is turned over to the creditor. To claim an exemption in bankruptcy, a householder who (i) files a voluntary petition in bankruptcy or (ii) against whom an involuntary petition in bankruptcy is filed shall set such real or personal property apart on or before the fifth day after the date of the meeting held pursuant to 11 U.S.C. § 341 but not thereafter. A householder who converts a case from Chapters 11, 12, or 13 to Chapter 7 shall set such real or personal property apart on or before the fifth day after the date of the meeting held pursuant to 11 U.S.C. § 341 in the Chapter 7 case, but not thereafter....

The plain language of this statute evinces no clear intent to apply the statute retroactively. However, the Lopezes ask the court to follow the analysis used in *Cohen, supra*, a worker's compensation case, in which the Court of Appeals of Virginia found a legislative intent to apply a statute retroactively based on the term "all wages." *Cohen*, 12 Va. App. at 710. In *Cohen*, the court relied on cases where the term "an award" had been found to evidence legislative intent of retroactivity. *Cohen*, 12 Va. App. at 706, 707. The *Cohen* court held that the words "all wages" were all-inclusive and reasoned that had the legislature intended for the statute to apply only prospectively, it would haven chosen the words "all wages hereafter paid." *Cohen*, 12 Va. App. at 707, 710.

The court finds the Lopezes' argument unpersuasive and their reliance on *Cohen* misplaced. The court in *Cohen* reiterated the general rule that a statute is only applied retroactively when it is both procedural in nature and there is clear evidence that the legislature intended for the statute to be applied retroactively. *Cohen*, 12 Va. App. at 705. The terms "an award" and "all wages," which the *Cohen* court found to evidence intents of retroactivity, are simply inapposite to the case at hand. There is no analogous language present in Virginia Code Annotated § 34-17. The court further finds that there is no evidence of any written legislative history concerning the change in the statute. In light of the absence of a clear legislative intent to have the statute apply retroactively, there is no reason to remove the statute from under the realm of the general rule that statutory changes are not deemed retrospective in application except where there is clear legislative intent to the contrary.

The version of Virginia Code Annotated § 34-17 that applies to the Lopezes requires that the homestead petition be filed within five days of the date that the first meeting of the creditors was originally scheduled. The first meeting of the creditors was originally scheduled for July 5, 2005; however, the Lopezes did not file their homestead deed until October 21, 2005. Thus, the Lopezes did not timely file their homestead petition.

*III. Conclusion*

For the foregoing reasons, the court will affirm the decision of the Bankruptcy Court, sustain the Trustee's Objection to the Debtors' Claim of Exemptions and grant the Motion for Turnover.

An appropriate order will be entered.

DATED: This 23rd day of June 2006.

_____
Senior United States District Judge